(21 Misc. Rep. 394.)

ROCHESTER SAVING & LOAN ASS'N v. GORMAN et al.

(Supreme Court, Special Term, Orleans County.   October 5, 1897.)

INJUNCTION—RESTRAINING EXCAVATION OF STREET.

In an action to enjoin the excavation of land alleged by plaintiff to be a street, to the center of which its lot extends, where it appears that plaintiff purchased such lot on the representation, as shown by maps submitted in evidence, that such street had an actual existence, it is immaterial whether such street is a public or private way, in the absence of any showing by defendants of a superior right, or any title to the land, the excavation of which operates to plaintiff's injury.

Action by the Rochester Saving & Loan Association against Charles A. Gorman and Joseph Stork for an injunction.    Decree for plaintiff.

George W. Thomas and John Desmond, for plaintiff.
Filkins & Coe, for defendants.

WOODWARD, J.    The plaintiff in this action, brought for the purpose of restraining the defendants from making further excavations in a certain street, known as "Childs Street," in the village of Albion, Orleans county, and to compel the defendants to place the street in a proper condition for the traffic incident to such street, and the preservation of the rights of the plaintiff in certain property, alleges that it is a domestic corporation incorporated under and by virtue of the laws of the state of New York, and that it is the owner in fee and in possession of all that tract or parcel of land situate in the village of Albion, county of Orleans, and state of New York, known and distinguished as "Lot No. 28 of the Albion Homestead Tract," as shown by a map thereof made by Gray & Storey, surveyors, and filed in Orleans county clerk's office, in Liber 2 of Maps, at page 15; that the plaintiff's premises extend to the center of the said Childs street, which said street is alleged to be one of the public highways of the village of Albion; that it runs at right angles with McKinstry street, and due east therefrom; that there is no street between McKinstry street and plaintiff's premises; and that Childs street is the only street leading from plaintiff's premises to the business portion of the village of Albion in a westerly direction.    All of these allegations, with the exception that the said Childs street is a public highway, are substantially admitted by the defendants.    The plaintiff also alleges that there is a substantial brick house upon the said premises, which the plaintiff has owned from the 11th day of April, 1893; that the premises, except for the nuisance complained of, which nuisance consists of an excavation for the purpose of removing building stone, making the street impassable, are fairly worth $2,000, with an annual rental of $100; that the plaintiff, before beginning this action, requested the defendants not to dig out said street, and to fill and repair said street where they had destroyed it, and place the same in proper condition; and that the defendants have refused and neglected to do so.    The plaintiff further alleges, on information and belief, that unless the street is filled up and placed in a proper condition its property will be seriously damaged both in its rental and selling value, and that the defendants are still engaged in excavating and quarrying the

rocks and stones from said street.    In view of these allegations, which
are either substantially admitted, or established by the evidence
taken at the trial of the action, the plaintiff prays for a judgment to
perpetually restrain the defendants, their agents and employés, from
making further excavations, and that they be adjudged and compelled
to fill up and put the said street in a proper and safe condition, and
that the plaintiff recover from the said defendants the sum of $2,000
as damages, and such other relief as the court may direct.

The only material question presented to this court seems to be
whether there is in fact such a street as Childs street, and whether the
excavations constitute such a damage to the premises of the plaintiff
as to entitle it to any part of the relief prayed for.    Upon the first
proposition, there can be no reasonable doubt that for the purposes of
this action the plaintiff had such a right in the parcel of land known
upon the maps submitted in evidence as "Childs Street" as entitles it
to an unobstructed right of way over the same, whether it has in fact
ever been accepted by the public or not.    It was a property right
gained by the plaintiff in the purchase of the premises which are al-
leged to have been damaged by the action of the defendants.    It is a
right essential to the enjoyment of its property, which cannot be
taken away without first establishing a superior right in the defend-
ants, which is nowhere attempted.    The plaintiff purchased the prop-
erty described in the pending action upon the representation, as shown
by the maps submitted in evidence, that Childs street had an actual
existence; and it is inconsistent with every known rule of equity for
the defendants to come into this court, asserting the right to destroy
the value of property, without themselves showing any title to the
premises, the working of which operates to the injury of the plain-
tiff.    The question whether Childs street is a public or a private way
can have no bearing upon the merits of this case.    The defendants are
bound to show that they have a right to make these excavations,—
that they have an equitable right to the premises which they have
assumed to work superior to that of the plaintiff,—and this they have
failed to establish.

It is ordered, therefore, that the defendants, their agents and em-
ployés, be restrained from making further excavations within the de-
scribed limits of Childs street; that the defendants proceed with due
diligence to place the said Childs street in a passable and safe condi-
tion; that all sewers, water pipes, or other public conveniences which
have been removed from the said Childs street be restored; and that
the defendants pay the costs of this action.